# McPherson *v.* Foust.

### *Action for Money had and Received.*

1. *Abstract charge* —Giving an abstract charge, when it asserts a correct legal proposition, is not a reversible error.

2. *Charge objectionable for generality; explanatory charge.*—A charge which, by reason of its generality, is calculated to mislead the jury, is not a reversible error, since the party apprehending injury from it may protect himself by asking an explanatory charge.

3. *Charge limiting effect of evidence* —When evidence has been admitted only for the purpose of impeaching a witness, the court may limit its effect by instructions to the jury to that effect.

4. *Charge on part of evidence.*—A charge which selects a portion of the evidence, disconnected from the other portions, and instructs the jury as to its effect, is properly refused.

5. *Payment.*—A party, affirming the discharge of an obligation for money by payment in something else, must show an agreement to take such other thing in payment.

[McPherson v. Foust.]

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JAMES AIKEN.

This was an action for money had and received, brought by the appellant, James C. McPherson, against the appellee, Samuel Foust. The plea was the "general issue."

The defendant, Samuel Foust, had sold a store-house and residence in Blountsville, Alabama, to one James M. Wooten, who had given defendant a note for the balance of the purchase-money unpaid. In January, 1884, this store-house and residence had been sold under a mortgage executed by Wooten, subject to the amount due on Wooten's note to defendant for the unpaid purchase-money, and at the sale the plaintiff, James C. McPherson, became the purchaser. The plaintiff, after his purchase, paid the defendant the amount of Wooten's note, and this suit was brought to recover the amount of an alleged over-payment by plaintiff on said note, the plaintiff claiming that at the time he paid said note the defendant was indebted to Wooten in a certain sum, which should have been allowed as a credit on said note.

The testimony on the part of the plaintiff tended to show that the plaintiff, after paying the note, went to see the defendant about the alleged over-payment, and defendant admitted that Wooten had paid out $20 on record fees for defendant, at defendant's request, and had sold defendant's sister goods on defendant's order, and that said $20 and the amount of the account for said goods were to be credited on said note. There was other evidence besides the alleged admission of defendant, tending to show that said amounts were to be credited on the note ; that Wooten owed defendant no debt except said note at the time he sold the goods to defendant's sister and paid the $20 for him, and that the goods were sold and payment made in view of Wooten's indebtedness to defendant on said note, and but for the note defendant would not have given the order for the goods or requested Wooten to pay said $20.

The defendant testified in his own behalf and denied generally his alleged admissions to the plaintiff, and his testimony, and that of his witnesses, tended to show that there was no express agreement between the defendant and Wooten that the $20 paid by Wooten for defendant and the account for the goods sold defendant's sister should be credited on the note ; that said sums were charged to defendant on Wooten's books, and were paid by defendant to Wooten after plaintiff paid defendant the amount of said note. Said James M. Wooten, being introduced as a witness by the defendant, was asked by the plaintiff, "Did

you tell your clerk, R. B. Sims, in your store, during the year 1882, to sell the defendant's sister all the goods she wanted and at a large per cent., because it was agreed between you and defendant, that the amount of goods you sold her was to go as a credit on the note for the purchase-money of town property in Blountsville, Ala., which defendant held against you, and that defendant had charged you 10 per cent. interest on said indebtedness?" To which Wooten replied that he had never made any such statements.

Said R. B. Sims was then introduced as a witness by the plaintiff, and testified that during the year 1882, he was a clerk in the store of said Wooten, who was absent most of the time on his farm and left witness in charge of the store; that after the account of defendant's sister had run up to $50, he (witness) asked Wooten how he expected to get his money on that account, and Wooten replied that he expected to get it out of defendant, that there was an agreement between him and defendant that said account was to be a credit on a note for the purchase-money of town property in Blountsville, Ala., which defendant held against him, and that he (witness) must sell defendant's sister all the goods she wanted at a large per cent., as defendant had charged him (Wooten) ten per cent. interest on said indebtedness.

At the request, in writing, of the defendant, the court gave the following charges, to each of which the plaintiff excepted :

1.  "In order to make the account of defendant's sister charged to defendant, a payment, the defendant and Wooten must have agreed that it should be taken and credited as a payment."

2.  "Although the jury may believe from the evidence, that Wooten was indebted to the defendant on a land note, and while such note was unpaid, Wooten, at the request of the defendant, sold goods to the defendant's sister and paid money ($20) for defendant and charged the same to the defendant, and that defendant would not have given the order for the goods to be sold and the money to be paid unless Wooten had been in debt to him, yet such account for goods sold and for money paid would not be a payment on the land note, unless such was the agreement between Wooten and the defendant."

3.  "Although Wooten was indebted to the defendant on account of the land note alone, and while this note was unpaid, the defendant sent word to Wooten to let defendant's sister have such goods as she wanted and defendant would

see it paid, and Wooten, acting upon this order, did sell goods to defendant's sister, and it was never agreed between Wooten and the defendant to credit the account on the note, and it was never, in fact, so credited, then the jury must find a verdict for the defendant, so far as said account is concerned."

4. "An account for money paid or for goods sold by Wooten, at the instance of defendant, although at the time Wooten was indebted to the defendant, was not a payment on the note due to defendant, unless it was agreed by Wooten and defendant that such account should be a payment thereon."

5. "It is neither impossible in fact nor illegal for the relations of debtor and creditor to subsist mutually at one and the same time, by note due from one to the other and by account due to one from the other—in other words, it was not impossible in fact nor illegal for Wooten to be indebted to defendant by land note, and for defendant to be indebted to Wooten on an account, and the existence of such account was no more a payment on the note than the note was a payment of the account, unless the parties so agreed."

6. "If Wooten, at the instance of defendant, sold goods to the defendant's sister and paid out money for the defendant, this was simply the creation of a debt from the defendant to Wooten and not a payment on the note due to the defendant, unless the parties so agreed."

The court, *mero motu*, charged the jury, that the testimony of R. B. Sims as to the conversation with Wooten, was material and relevant only to the extent and for the purpose of impeaching the testimony of Wooten. To this charge the plaintiff excepted.

The plaintiff, in writing, requested the following charge, which the court refused, and the plaintiff excepted :

"If the defendant admitted to the plaintiff, that his sister's account and the money paid for him by Wooten were payments on the Wooten note, then such admission would be a strong circumstance against the defendant, tending to show that he understood the same to have been a payment on the note "

The charges given and refused are assigned as error.

INZER & GREENE, and L. R. HANNA, for appellant.—Money paid by mistake can be recovered in an action for money had and received.—63 Ala. 519. The six charges given for defendant were abstract, invaded the province of the jury in taking from them the question as to what was the real intention of Wooten and the defendant, and were misleading in

impressing the jury with the idea that there must have been an express agreement between Wooten and the defendant. *Dunlap v. Steele & Vandegrift*, in MSS. The charge limiting the effect of Sims' testimony was erroneous. Wooten's statements were part of the *res gestae* of the sale to defendant's sister and should not have been limited.—1 Brick. Dig. 809, § 82. The court erred in refusing the charge asked by plaintiff.

HAMILL & LUSK, *contra.*—No brief came to the hands of the reporter.

CLOPTON, J.—The charges requested by appellee assert the proposition that the party, affirming the discharge of an obligation for money by payment in something else, must show an agreement to take such other thing in payment. The correctness of the legal proposition is not controverted; but it is insisted that the charges are abstract and misleading. Were this conceded, a charge given which asserts a correct proposition of law, though abstract or calculated to mislead by reason of its generality, is not a reversible error. But we do not consider the charges either abstract or misleading. If the plaintiff apprehended that the jury might construe them as excluding the sufficiency of an *implied* agreement, explanatory charges should have been asked.

Wooten's declarations to the witness, Sims, were admissible only for the purpose of impeachment. There is no error in limiting by instruction their effect to this purpose.

The charge requested by the defendant is objectionable, in that it selects a particular part of the evidence, and, disconnecting it from the other evidence, asks an instruction upon its effect. Such charge may be properly refused.

Affirmed.